FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 2 2 2007

Stephan Harris, Clerk
Cheyenne

Kim D. Cannon, WSB 5-1401
DAVIS & CANNON
40 South Main Street
P.O. Box 728
Sheridan, WY 82801
Phone: (307) 672-7491
Facsimile: (307) 672-8955
e-mail: cannon@davisandcannon.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| **WYOMING SAWMILLS, INC., a Wyoming corporation**, | Civil No. **07CV 271-5** |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | |
| **UNITED STATES FOREST SERVICE**, | |
| Defendant. | |

### INTRODUCTION

1.      This case challenges the Forest Service's interpretation of the Federal Timber Contract Payment Modification Act, 16 U.S.C. § 618, the National Forest Management Act, 16 U.S.C. § 472a and associated regulations regarding the limits on the length of a timber sale contract and whether the Wabash Timber Sale purchased by Wyoming Sawmills qualifies for a Market Related Contract Term Addition ("MRCTA"). The Forest Service has made a finding of substantial overriding public interest that a prolonged and drastic reduction in wood product prices has triggered MRCTA to add time to the

contract termination date of Forest Service timber sale contracts. The Forest Service has concluded that the Wyoming Sawmills' Wabash Timber Sale contract does not qualify for MRCTA because the contract is more than 10 years old. The Forest Service interpretation is arbitrary and capricious and abuse of discretion and otherwise not in accordance with law, contrary to the Administrative Procedure Act. 5 U.S.C. § 706(A).

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (Federal Question), 2201 (Declaratory Relief), and 2202 (Injunctive Relief).

3.     Plaintiff has challenged final agency action as defined by the APA. 5 U.S.C. § 704.

4.     Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) because plaintiff resides in Wyoming and defendant United States Forest Service has offices in the district.

## PARTIES

5.     Plaintiff Wyoming Sawmills, Inc., is a Wyoming corporation with its principal place of business in Sheridan, Wyoming. Wyoming Sawmills operates a lumber mill in Sheridan, and is the largest manufacturing business in Sheridan. The mill produces primarily studs used for new home construction and employs approximately 90 people.

6.     Defendant United States Forest Service ("Forest Service") is a federal agency within the United States Department of Agriculture. The Forest Service is responsible for management of the National Forests and administering the laws concerning the timber sales sold from the National Forests.

Page 2 -     COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## LEGAL AND FACTUAL BACKGROUND

7.     The National Forest Management Act of 1976, 16 U.S.C. § 472a(c)

sets forth the terms and conditions of timber sale contracts as follows:

> Unless there is a finding by the Secretary of Agriculture that
> better utilization of the various forest resources . . . will result,
> sales contracts shall be for a period not to exceed 10 years:
> *Provided*, that such period may be adjusted at the discretion of
> the Secretary to provide additional time due to time delays
> caused by an act of an agent of the United States or by other
> circumstances beyond the control of the purchaser.

8.     In 1978, the Forest Service adopted a regulation, 36 C.F.R. § 223.31,

that "sale contracts shall not exceed 10 years in duration . . . unless there is a finding by

the Chief, Forest Service, that better utilization of the various forest resources (consistent

with the provisions of the Multiple-Use Sustained-Yield Act of 1960) will result."

9.     In 1983, Congress enacted the Timber Contract Payment Modification

Act in order to retain jobs, preserve competition, to use potential productive capacity of

wood products plants, to preserve small communities dependent on a single economic

sector, to lessen the impact of unemployment, and to provide a competitive market for

future sales of government timber.  The Act endorsed a program by the Secretary of

Agriculture and Secretary of Interior to provide for the extension of certain timber sale

contracts and requiring the phased harvesting of such extended contracts.  16 U.S.C. §

1618(b).

10.     In 1990, the Forest Service adopted MRCTA regulations regarding

Market Related Contract Term Additions pursuant to the authority of NFMA and the

Federal Timber Contract Payment Modification Act.  36 C.F.R. 223.52.  The Federal

Register preamble to the regulations explains that "in order to ensure that the retention of a viable established industry capable of supplying wood fiber needs of the public for housing and other products, the Chief of the Forest Service has determined that if there is a drastic reduction in wood product prices sufficient to trigger the market-related contract term addition being adopted by this rule, it would be in the substantial overriding interest to extend the contract terms." § 55 Fed. Reg. 50643 (Dec. 7, 1990).

11.    The Forest Service further found that "a contract term addition would help avoid financial hardship on purchasers and ensure that the federal government will receive payments due from purchasers by reducing the likelihood of default. Second, by reducing the likelihood of default, a contract term addition would help ensure that receipts to States and counties from timber sales are not adversely affected. Additionally, contract term addition would help promote stability in the wood products industry. This in turn would help ensure community stability, competition, employment, investment, productivity, innovation and the ability of United States-based enterprises to compete with foreign-based enterprises in both domestic and export markets." Id.

12.    The MRCTA regulation established a procedure for the Forest Service to review an index for wood products pricing and if the index declines more than 20%, it requires a finding that a drastic reduction in wood products prices has occurred. 36 C.F.R. § 223.52(b)(1) and (2).

13.    Significantly, if there is a drastic reduction in wood products prices, then the MRCTA regulation compels the Forest Service to make a finding of substantial overriding public interest to add time to timber sale contract terms. The MRCTA regulation

Page 4 -    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

provides "a determination that a drastic reduction in wood products prices, as defined in paragraphs (b)(1) and (2) of this section, has occurred shall constitute a finding that the substantial overriding public interest justifies the contract term addition."   36 C.F.R. § 223.52(b)(3).

14.     Furthermore, the MRCTA regulation provides that "when the Forest Service determines a drastic reduction in wood product prices has occurred after contract award and before contract termination, the Forest Service, upon purchaser's written request, will add 1 year to the contract's term, except as provided in paragraphs (c)(1)-(3) of this section."  36 C.F.R. § 223.52.

15.     Under the MRCTA regulation, a contract term addition cannot extend a contract beyond 10 years.  The plain language of regulation states that "in no event shall a revised contract term exceed 10 years as a result of a market related contract term addition."  36 C.F.R. 223.52(c)(3).  The regulation does not state that a contract that is already more than ten years old does not qualify for a market related contract term addition.

16.     The Wabash Timber Sale contract has a contract provision for Market Related Contract Term Addition.  The contract provision C8.212# provides that "the term of this contract may be adjusted when a drastic reduction of wood products prices has occurred in accordance with 36 CFR 223.52 . . . . The revised contract term may not exceed 10 years as a result of Market-related Contract Term Addition."  (sic) C8.212#.

17.     In a letter interpreting the 10-year limitation on the length of contract terms associated with MRCTA, the Forest Service Director of Forest Management stated that sales extended under other authority beyond 10 years in duration, would be ineligible to receive MRCTA unless there was a separate finding of substantial overriding public interest to do so. As set forth below, the Forest Service has made a finding of substantial overriding public interest for MRCTA founded upon the prolonged and drastic decline in wood products prices.

**The Wabash Timber Sale**

18.     Wyoming Sawmills purchased the Wabash Timber Sale in 1993 and the contract was awarded on December 10, 1993 with an original termination date of September 30, 1999. The termination date was extended through Contract Term Adjustment ("CTA") under the contract which allows for operations to be delayed under a green sale in order to complete removal of distressed timber in more urgent need of removal in a salvage sale. In addition, in 1998, the contract term was extended for nine months by a Market-Related Contract Term Adjustment to December 10, 2003.

19.     Since the Wabash sale was purchased, Wyoming Sawmills also purchased numerous salvage sales including the Boyd Blowdown Salvage, Black Butte Salvage, Lick Salvage and Black Hawk Salvage timber sales. These timber sales were designed to respond to catastrophic windstorm, insect epidemic, and wildfire. All these sales were in need of prompt removal.

20.     After completing the 11 million board foot Black Hawk Salvage Sale in September 2001, the Forest Service extended the Wabash Timber Sale Contract

Page 6 -     COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

termination date from December 10, 2003 to December 20, 2008 which is more than 10 years beyond the Wabash Timber Sale award date of December 10, 1993. The extension of the Wabash Timber Sale was to provide Wyoming Sawmills time to work on the Black Hawk Salvage sale where the timber was in need of urgent removal.

21.     In 2006, the Forest Service proposed to eliminate four units from the timber sale that were infested by insects. During the sale operating season in 2006, Wyoming Sawmills removed approximately one-third of 9 million board feet total volume.

22.     There remains approximately 5 million board feet to be harvested on the Wabash Timber Sale.

23.     The current periodic payment schedule requires Wyoming Sawmills to make a payment of approximately $1,000,000 on November 14, 2007. This payment would cause severe financial hardship to the company.

24.     During the prolonged depression in the housing market, the Forest Service has made a finding of substantial overriding public interest and concluded that the contracts were eligible for MRCTA. There have been eight consecutive qualifying quarters for MRCTA beginning with the third quarter of 2005. Under the MRCTA regulation formula, the Wabash Timber Sale qualifies for a 2-year and 3-month addition to the contract term because of prolonged and drastic reduction in wood products prices.

25.     Wyoming Sawmills requested MRCTA on March 5, 2007. The Forest Service contracting officer denied that request in a letter dated March 12, 2007, stating that "[t]he Wabash sale does not qualify for MRCTA under C8.212-Market-Related Contract Term Addition (5/98) as the contract terms exceeds the 10 years."

Page 7 -     COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

26.     In a letter dated September 11, 2007, the Regional Forester for Region
2 of the Forest Service also rejected a request for additional time on the grounds that "the
contract will have run for approximately 15 years, which is clearly well beyond any
regulatory allowances foreseen in the code of federal regulations that regulation timber
sale contracts."

## FIRST CLAIM FOR RELIEF

(Violation of the National Forest Management Act.
Federal Timber Contract Payment Modification Act,
Associated Regulations and 5 U.S.C. § 702(A))

27.     Plaintiff realleges all preceding paragraphs.

28.     The Forest Service has made a finding that due to the prolonged
depression in the housing market and a drastic reduction of wood products prices for
multiple consecutive quarters, it is in the substantial overriding public interest to grant
purchasers additional time to complete timber sale contracts and to adjust the length of the
termination dates through a Market-Related Contract Term Addition.

29.     The regulation governing the grant of MRCTA states that MRCTA may
not extend the contract beyond 10 years in length.

30.     The Forest Service has previously extended the Wabash Timber Sale
Contract beyond 10 years in length using an extension to facilitate urgent removal of timber
from other lands.

31.     Adding additional time to the Wabash Timber Sale contract termination date would not extend the timber sale contract beyond 10 years as stated in the regulations and the Forest Service has previously granted an extension of the Wabash Timber Sale so the contract term already exceeds 10 years.

32.     The Forest Service refusal to grant Wyoming Sawmills' Market Related Contract Term Addition for the Wabash Timber Sale because the current Wabash Timber Sale termination date of 2008 is more than 10 years beyond the 1993 sale award, date is arbitrary and capricious in violation of 5 U.S.C. § 706(A).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for the following:

1.     That this Court declare that the Forest Service's interpretation of the National Forest Management Act, Timber Payment Contract Modification Act, and associated regulations is arbitrary and capricious.

2.     Enjoin and restrain defendant, its agents and employees from enforcing the mid-point payment due on the Wabash Timber Sale November 14.

3.     Grant relief under the APA and hold unlawful and set aside the Forest Service decision that the Wabash Timber Sale does not qualify for MRCTA.

4.     Grant such other and further relief as this Court deems just and equitable, including an award of attorney's fees and costs.

Respectfully submitted, this 19th day of October, 2007.

DAVIS & CANNON

By:

Kim D. Cannon
Attorneys for Plaintiff
40 South Main Street
P.O. Box 728
Sheridan, WY  82801
(307) 672-7491
(307) 672-8955 (facsimile)